Although I concur with the majority that the trial court abused its discretion in ordering the father to pay towards the son's college expenses at this time, I have concerns regarding future support for this child should circumstances change, including an increase in the father's income, a change in the child's financial aid, etc. At this juncture, Bayliss and its nascent progeny have not addressed whether a denial of post-minority support prior to age nineteen forecloses future consideration *Page 320 
after age nineteen, or whether the trial court retains jurisdiction for reconsideration, and if so, until what age or under what circumstances. In his brief, the father urges "the better decision by the trial court would have been to reserve jurisdiction on the college expense issue and set the matter for review periodically." I agree with that suggestion.
This court has not yet been confronted with the issue of whether bringing a timely Bayliss motion serves to retain jurisdiction in the trial court should circumstances change after the child's nineteenth birthday, nor are we called upon here to make that determination. When Bayliss consideration is premature, one may re-petition when the proper factors for consideration can be ascertained. See Murrah v. Turnipseed,578 So.2d 1340 (Ala.Civ.App. 1991). Although we have determined that the child support guidelines do not apply in determiningBayliss support, Murrah, supra, and Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990), in Berry v. Berry,579 So.2d 654, 656 (Ala.Civ.App. 1991), this court determined "the general principles concerning child support to be equally applicable to a Bayliss motion for post-minority college support."
I believe it is clear in the development of this line of cases that once Bayliss support is granted, the parties may petition for modification after the child's nineteenth birthday, and the trial court may, in its discretion, grant such relief upon a proper showing of changed circumstances. The development of the caselaw does not yet direct what occurs when a Bayliss motion is denied after consideration of the proper factors.
In light of the current vagueness in this area of the law, and out of an abundance of caution, I suggest that a better practice for the trial court, in denying Bayliss support, is to specifically reserve jurisdiction for reconsideration of the proper factors during the time Bayliss support may apply. Expressly reserving jurisdiction would clearly afford protection for a child such as this and would serve to remove any doubt as to whether one may apply for Bayliss support again after age nineteen, should circumstances warrant. Accordingly, I agree in the reversal and remand, but by way of dicta, I suggest to the trial court that within the order of remand, the trial court has the discretion to amend the order to expressly reserve jurisdiction on the matter of post-minority support for college expenses.
YATES, J., concurs.