This is a postdivorce proceeding involving the payment of postminority support for college education.
After a four-year marriage and the birth of one daughter, the parties were divorced in 1976. The mother was awarded custody of the three-year-old daughter. In November *Page 840 
1989 the mother filed a petition for modification, requesting that the father be required to continue monthly support payments beyond the daughter's age of majority and that he be required to contribute to her college education expenses.
Following an ore tenus proceeding the trial court ordered the father's child support obligation to continue past the daughter's age of majority so long as she is enrolled and passing as a full-time student in a state-supported institution of higher learning. In addition, the trial court ordered the father to contribute thirty-eight percent of the periodic school expense of tuition and books (the same percentage as it ordered the father to contribute monthly under the child support guidelines form).
The father appeals from this order and asserts that it was error for the trial court to require him to contribute to the postminority expenses of his daughter.
In Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), the supreme court increased the equity powers of Alabama courts to provide that the duty of parents to support and educate their children extends beyond the age of majority. In doing so, the court expressly expanded the rule previously established in the case of Ex parte Brewington, 445 So.2d 294 (Ala. 1983), and overruled the many cases from this court that were inconsistent with Brewington. Brewington extinguished the rule stated in Reynolds v. Reynolds, 274 Ala. 477,149 So.2d 770 (1963), that the common-law duty of support of a parent for a child ended at the age of majority. InBrewington the court expanded the equity power of a trial court to include the power to require parental support of a child beyond its majority if the child is so mentally or physically disabled as to be unable to support itself. NowBayliss has expanded the rule of Brewington.
The principal foundation of both Brewington andBayliss is stated to be decisions of the appellate courts of New Jersey and the failure of the Alabama legislature since Brewington to modify § 30-3-1, Code 1975, by adding the word "minor" before the word "children." Leadon, New Jersey; adios, stare decisis; act, legislature, or thecourt will act for you.
The supreme court in Bayliss (without legislative advice or consent) declared the public policy of this state as follows:
 "Since the normal age for attending college extends beyond the age of 19 years, under § 30-3-1 courts have the right to assure that the children of divorced parents, who are minors at the time of the divorce, are given the same right to a college education before and after they reach the age of 19 years that they probably would have had if their parents had not divorced."
Bayliss at 995. Following that declaration, the trial courts were directed to demonstrate their Solomonic wisdom and decide "whether to require a parent to provide, or help defray the cost of, a college education for a child, even after that child attains the age of 19 years." Bayliss at 995.
This case is one of the early progeny of the rule ofBayliss. Certain it is that many more will follow. The rule of Bayliss is readily subject to interpretation (or expansion) that a child, whether of divorced parents or not, has a legal right to a college education if he/she has the aptitude for it and the parent/parents have the ability to provide it.
The trial court in this case, recognizing that it was subject to the rule (as does this court), carefully followed the directions of the court in Bayliss to consider all relevant factors that appear "reasonable and necessary."Bayliss at 987. We will recite a brief summary of the relevant evidence.
The record reveals that at the time of the hearing the daughter was eighteen years old and completing her senior year at Albertville High School. She testified that she was interested in attending the University of Alabama and pursuing a career in either science or law. She had a cumulative grade point average of 2.85 on a 4.00 scale and an A.C.T. score of 18. The record further reveals that she was very active in school-related activities. Her guidance counselor testified that she was an above-average student who could do well in college. *Page 841 
The evidence establishes that the father installs air conditioning systems for a living and that the mother works as a court reporter. Neither party has a college education. The father's annual income is approximately $22,500. The mother's annual income is approximately $38,800. The father owns a three-bedroom home with no mortgage, seventy-five acres of land, and a storage building in the city of Attalla. The mother rents a home with an option to purchase. The father has remarried and has a young child from that marriage. The mother has a child from a second marriage. At the time of the hearing the mother was engaged to be married a third time.
The record reflects that there has been little, if any, familial interaction between the father and the daughter. It reveals that there has been no communication between the two since September 1988. The fact that the father and the daughter have a strained relationship should not preclude the daughter, in this instance, from having the opportunity to obtain a college education.
The mother testified that while the parties were married they discussed the possibility of their daughter attending college and that within the first year of the daughter's life an insurance policy had been taken out for that purpose.
Where evidence is presented ore tenus, as in this instance, the trial court's judgment is presumed correct unless it is so unsupported by the evidence that it is plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App. 1986). Furthermore, matters concerning child support are within the trial court's discretion and will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
We approve the trial court's diligence and compliment it on its effort to chart a new procedure. However, we consider that the duty of a parent to provide a college education is of a lesser magnitude than the duty to provide food and shelter to a minor child unable to support himself/herself.Commonwealth ex rel. Ulmer v. Sommerville,200 Pa. Super. 640, 190 A.2d 182 (1963).
The predominate authority from other states which have spoken to the question is: A parent has a legal duty to provide or aid in providing a college education for his/her child if the child demonstrates the ability and willingness to attain a higher education and the parent has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself. Flatley v. Flatley, 42 Ill. App.3d 494, 1 Ill.Dec. 155, 356 N.E.2d 155 (1976); Hambrickv. Prestwood, 382 So.2d 474 (Miss. 1980); Newburgh v.Arrigo, 88 N.J. 529, 443 A.2d 1031 (1982); Bedford v.Bedford, 386 Pa. Super. 349, 563 A.2d 102 (1989);Deiley v. Deiley, 281 Pa. Super. 288, 422 A.2d 172
(1980). The use of the term "undue hardship" does not mean without any personal sacrifice. Most parents who send their children to college sacrifice to do so. The "undue hardship" criterion must be determined by exercise of the Solomonic wisdom attributed to our trial judges by the supreme court inBayliss.
It is our opinion that in spite of sincere effort the trial judge in this case erred in applying the child support guidelines to the requirement of the father to provide assistance for college expenses. We further find that there was no legal evidence presented as to the amount required for books and tuition or for actual costs of room and board. Therefore, this court was unable to determine if the sums required to be paid by the father would cause him undue hardship.
We reverse the judgment as to support and contribution for tuition and books and remand for the taking of evidence on the reasonable necessaries, including room and board, for the child to attend college after reaching majority. Having considered such evidence, it is necessary that the court determine the financial ability of the father to contribute or provide such amount without undue hardship to himself. It is our opinion that the child support guidelines *Page 842 
for a minor child are not applicable to the determination of an amount for providing or contributing to college expenses after the child reaches majority.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTION.
All the Judges concur.