This is a postdivorce proceeding involving the payment of postminority support for college education.
William Murrah and Linda Murrah Turnipseed were divorced in 1978. The mother was awarded custody of the parties' two minor sons. In August 1989 the mother filed a petition for modification, requesting that the father be required to contribute to the minor sons' college expenses.
Following an ore tenus proceeding the trial court ordered the father to contribute one-half the college expense for his children. It further ordered "[s]uch sum to be payable in accordance with the payment plan at the college being attended by each child. That college expense shall include, but not be limited to college tuition, books, room, board, fees and lab supplies."
The father appeals from this order and asserts that it is error for the trial court to require him to contribute to the postminority expenses.
In Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), the supreme court broadened the equity powers of Alabama courts to provide that the duty of parents to support and educate their children may extend beyond the age of majority. In granting such equity power, the supreme court set out certain factors for consideration by the trial court. It directed that the trial court consider "all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child's commitment to, and aptitude for, the requested education." (Emphasis added.) The court suggested *Page 1341 
that the trial courts consider "the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved and the child's relationship with his parents and responsiveness to parental advice and guidance." In Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990), we supplemented the supreme court's financial criteria by stating that evidence had to be presented to show that the sums required to be paid would not cause the parent "undue hardship."
Where evidence is presented ore tenus, as in this instance, the trial court's judgment is presumed correct unless it is so unsupported by the evidence that it is plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App. 1986). Matters concerning child support are within the trial court's discretion and its judgment will be reversed only if it has abused its discretion or if its determination is plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985).
The record reveals that the father has a bachelor of science degree in agriculture. He is employed at Anderson's Peanuts and earns a monthly gross income of approximately $2,700. His gross income for 1989 was approximately $32,500. He has remarried. His wife is employed and earns approximately $14,000 yearly. He has no additional children. He testified that he has more monthly obligations than he and his wife have income. He testified, however, that, with the exception of a note payment for $84.00 and a $338 payment in monthly child support, he has no monthly mortgage payments or any other obligation.
The mother has a bachelor's degree in education, a master's degree in early childhood education and a Class AA teaching certificate and an E.D.S. degree in early childhood education. She is a kindergarten teacher at Clanton Elementary School. She has a monthly gross income from all sources of approximately $2,500. She is remarried but has no additional children. Her husband is employed by Central Alabama Youth Services for forty-plus hours a week. He has taken additional regular employment as a cashier for an additional thirty-six hours per week in order to help defray the college expenses of the parties' elder child. The mother and her current husband's joint income for 1989 was approximately $49,000. They have a $48,000 outstanding debt on their home.
The parties' 19-year-old son is a student at the University of Montevallo. He began studies there in the fall semester of 1989. Prior to attending Montevallo, he attended the local junior college in the summer of 1989. His cumulative grade point average is 2.57 on a 4.00 scale. The mother and her husband testified that they chose Montevallo because it had a good department of psychology, the field of study he is interested in, and was considerably cheaper than any other State school. For the fall semester at Montevallo the mother and her husband paid $2,177 for tuition, fees, phone, room, and board. She estimated that the expenses would equal that amount for the spring semester.
The parties' 16-year-old son attends Chilton County High School. The father pays $338 per month in child support for this child.
The record does not reflect any animosity between the children and their father.
Considering all of the evidence, we find that the trial court did not abuse its discretion in ordering the father to contribute to the postminority college expenses of the elder son. We find, however, that the trial court erred in ordering the father to contribute to the college expenses of the younger son. At the time of the hearing there was no evidence presented to determine if the future expenses would cause the father undue hardship. Based on our decision in Thrasher v.Wilburn, we find that portion of the order concerning the younger son to be premature. This is a domestic relations case, and, therefore, the trial court retains jurisdiction to dispose of that issue when, and if, it arises.
The father asserts that the trial court's order denies him equal protection under the laws. In Bayliss, the supreme court addressed the constitutionality of the postminority *Page 1342 
college support obligation and determined that the imposition of such an obligation was not a denial of equal protection.
The judgment of the trial court is affirmed in part and reversed in part.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.
INGRAM, P.J., not sitting.