Gregg and Shirley Berry were divorced in August 1979. One child was born of the marriage. In June 1990 the mother filed a "Petition for Rule Nisi and Modification." The petition requested that the father be held in contempt for failure to abide by the terms of the decree as amended by subsequent orders of modification. The mother requested an increase in child support. She additionally asked that the father be required to provide for the college education of the parties' fourteen-year-old son.
Following an ore tenus proceeding, the trial court found the father in contempt and ordered him to pay $150 in child support arrearage, $220 for the child's medical bills, and $175 for the mother's past attorney's fees. The father was given 90 days to pay the obligations in order to purge himself of contempt. The court further ordered that the father be required to provide for one-half of the child's college tuition, books, fees, and room and board. The court directed that the father's obligation would not extend beyond the equivalent of four years of undergraduate education and would not exceed one-half of the amount charged by Auburn University or the University of Alabama, whichever is greater at the time of the child's enrollment. The court refused to increase the child support.
The father appeals and asserts that the court erred in finding him in contempt. He concedes that he failed to pay the mother's attorney's fees. He asserts, however, that he should not be held in contempt for failure to pay the child support and the medical bills. He contends that he was in full compliance with the child support payments and that he had not received any notice concerning the outstanding medical bills. The record contains conflicting testimony concerning the father's contentions.
The rule of review in contempt cases is restricted to questions of law. The trial court's factual findings are conclusive on appeal if there is any evidence to support the findings. Mims v. Mims, 442 So.2d 102 (Ala.Civ.App. 1983). In the instant case, the necessary supportive evidence appears in the record. The court did not err in finding the father in contempt.
The father contends that the court further erred in ordering him to pay one-half of the minor child's college expenses.
In Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), the supreme court set out certain factors for the trial court's consideration in a postdivorce proceeding involving the payment of postminority support for college education. It directed that the trial court consider "all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." In Trasher v. Wilburn, 574 So.2d 839
(Ala.Civ.App. 1990), we discussed *Page 656 
the supreme court's financial criteria and stated that evidence should be presented to show that the sums required to be paid would not cause the parent "undue hardship." We noted, however, that "undue hardship' does not mean without any personal sacrifices. Most parents who send their children to college sacrifice to do so." Thrasher.
Where evidence is presented ore tenus, particularly in matters concerning child support, the trial court's judgment is presumed correct and will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Brannon v. Brannon,477 So.2d 445 (Ala.Civ.App. 1985). In child support cases the trial court is bound by the legal evidence or lack of it. It may not speculate on the ability of the parties to pay nor on the needs of the children. Alford v. Alford, 368 So.2d 295
(Ala.Civ.App. 1979). We find the general principles concerning child support to be equally applicable to a Bayliss motion for postminority college support.
The record reflects that at the time of the hearing the father was unemployed. He was receiving $150 weekly in unemployment compensation. His gross earnings for 1988 were $12,103. His gross earnings for 1989 were $12,766. The record reflects that as early as 1987 the father was having financial difficulties. Furthermore, there is no indication that the father has ever earned a substantial amount of money. He has a bachelor of science degree in social science and has ten hours accrued towards a master's degree. He went to school on the G.I. Bill.
The mother's gross earnings are $1,500 monthly. She does not have a college education. At the time of the hearing the child was fourteen years old and enrolled in the gifted child program at his school.
Even if the child were of college age, we would have no difficulty in reversing the trial court's order. The father, at this time, does not have the financial capability to support himself, pay child support as previously ordered, and pay college expenses. The child will not be ready for entry to a college for another four years. Whether the father will be able to contribute to the cost of a college education at that time is completely speculative. The elements for determining responsibility and capability of the father to contribute to a college education set out in Bayliss and Thrasher are absent. The judgment as to the college education responsibility must be reversed as an abuse of discretion. It is not supported by the evidence.
The mother's Rule 38, A.R.A.P., motion for damages is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.