This is a divorce case.
After ore tenus proceedings, the trial court divorced the parties and entered a property division and support award. There were no children of this marriage; however, the husband had legally adopted the wife's three children by her previous marriage. The children's natural father is deceased and the wife receives a monthly Social Security death benefit on behalf of the children. The trial court ordered the husband, inter alia, to make support payments for the benefit of an adult child who is enrolled in college, and awarded the wife $11,000 from the sale of the marital home. After his post-trial motion was denied, the husband appealed.
The husband raises three issues on appeal: (1) Did the trial court err in ordering the husband to make support payments to benefit the adult daughter based on the child support guidelines? (2) Did the trial court err in refusing to allow the husband credit for monies received by the wife for the benefit of the minor children? and (3) Did the trial court err in awarding the wife $11,000 from the sale of the marital home?
The husband first contends that the trial court committed error when it ordered him to pay child support for the benefit of the adult child. He argues that it was error for the trial court to apply the child support guidelines set forth by Rule 32, Alabama Rules of Judicial Administration, based on the existence of three "children" in that the oldest is not a "child" under state law.
We are mindful of the well-established rule that when evidence is presented ore tenus, the trial court's judgment is presumptively correct and subject to being set aside only for plain and palpable abuse of the trial court's discretion.Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985). We note that when a marriage has been terminated by divorce, the trial court has jurisdiction to require the parents to provide post-minority support for a college education, when the application is made for such before the child attains the age of majority. Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). InBayliss, the supreme court refused to limit the word "children" to minor children, because of the absence of restrictive language in Ala. Code 1975, § 30-3-1, and expanded the exception to the general rule that a divorced, noncustodial parent has no duty to contribute to the support of a child that has reached the legislatively prescribed age of majority beyond the exception in Ex parte Brewington, 445 So.2d 294 (Ala. 1983) (concerning a physically or mentally disabled child) to include the college education exception.
The mother's application for post-minority support was filed prior to the child's nineteenth birthday. That child is a college student, and the trial court's order expressly included her as a child for purposes of calculating child support "so long as she shall remain a full time student in an accredited college working toward a Bachelor's Degree, with not less than a 'C' average."
This court in Thrasher v. Wilburn, 574 So.2d 839, 841
(Ala.Civ.App. 1990), expressly held that "the child support guidelines for a minor child are not applicable to the determination of an amount for providing or contributing to college expenses after the child reaches majority." Thrasher
reversed the trial court's judgment as to college expenses and remanded the cause "for *Page 84 
the taking of evidence on the reasonable necessaries, including room and board, for the child to attend college after reaching majority." Thrasher, 574 So.2d at 841.
Clearly a trial court has jurisdiction to order post-minority support for a college education. Bayliss, supra. Regardless, in the instant case, there is insufficient evidence to indicate the reasonable necessaries for the child's college expenses and the husband's financial ability to contribute or provide such without undue hardship. We reverse and remand for the taking of evidence on the reasonable necessaries for the child to attend college after reaching majority. See Thrasher, supra.
The husband next contends that the trial court erred in refusing to allow him credit for monies received by the wife for the benefit of the children. He contends that the death benefit received by the wife is greater than the obligation set forth by Rule 32, A.R.J.A., and that it should be considered in setting the child support amount he is ordered to pay, at least until after each child's eighteenth birthday. He asserts that he is not seeking to avoid responsibility for the support of his adopted children but that it is his position that the decree allows the wife to collect two child support payments. He cites no authority to support his contentions and we find his argument unpersuasive.
The record reveals that as a result of the death of the children's natural father, the wife will receive a death benefit for the support of the children payable through each child's eighteenth birthday. It appears from the record that the trial court included those Social Security benefits as income to the wife in determining her share of the child support obligation. Clearly, such inclusion to the wife's income increased her percentage of the child support obligation, thereby reducing the husband's percentage.
Last, the husband argues that the trial court erred in awarding the wife $11,000 from the sale of the marital home as "repayment for her original down payment on the home." He contends that the trial court had no evidence upon which to make this award.
The record reveals undisputed testimony that the wife owned a home prior to the marriage, which, when sold, provided approximately $11,000 early in the marriage. She testified that some of the money was used to repay loans the parties had made a few months earlier to purchase the marital residence. The remainder was deposited into a joint account.
The division of property is a matter that rests soundly within the discretion of the trial court and will not be disturbed on appeal unless such discretion was palpably abused.Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). The property division need not be equal but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court. Ross v. Ross,447 So.2d 812 (Ala.Civ.App. 1984). A lengthy discussion of the evidence regarding the property division would serve no purpose in light of the vast number of cases existing on this subject. Simply stated, there is sufficient evidence in the record to support the trial court's judgment regarding the property division, and we find no abuse of discretion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.