This is a divorce case.
James Alford Hocutt and Janice L. Hocutt were married in 1963, and have four children as a result of this marriage. All but one of the children were past the age of majority at the time of the parents' divorce trial in October 1990. From the father's brief, it appears that the trial court advised the attorneys for each side of the terms of its decree following an ore tenus proceeding, and then requested that the father's attorney prepare the document with the terms discussed and submit it to the trial court for its signature. The following day, the father learned that the mother's attorney returned to the trial court's chambers and requested post-minority support. The trial court granted this support in an addendum to the divorce decree. The father appeals.
The dispositive issue in the instant case is whether the trial court erred in granting post-minority child support for the college education of the youngest child as allowed byEx parte Bayliss, 550 So.2d 986 (Ala. 1989).
In order for a trial court to grant post-minority child support, it "shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Id. at 987 (emphasis in original). The record indicates that the daughter was valedictorian of her high school class and has obtained a full scholarship to college. There is little doubt that she has the aptitude for and commitment to successful completion of the requested education.
As stated, Bayliss requires a consideration of the financial resources of the parents. This consideration was expounded upon in Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990), in which this court required the trial court to show that the payment of post-minority support would not cause "undue hardship" upon the parent. This court stated that " 'undue hardship' does not mean without any personal sacrifice." Id. at 841.
The record indicates that the financial resources and debts of the father were discussed, which indicates the father's ability to pay the court-ordered child support before the child reached majority without "undue hardship." The trial court heard no evidence concerning the expenses that the child would incur in obtaining an education, however, except that she had received a scholarship. In Thrasher, supra, this court held that it was reversible error for a trial court to fail to take "evidence on the reasonable necessaries, including room and board, for the child to attend college after reaching majority." Id. at 841. We therefore find that the trial court erred in failing to take such evidence in the instant case.
The trial court simply amended the original decree to order the father to "continue to pay [the original amount of] child support after the child reaches 19 years of age so long as the child is enrolled as a full time student." We find additional error in the failure of the trial court to place any kind of temporal or academic progress restrictions upon the continued payment of post-minority support. In Kent v. Kent,587 So.2d 409 (Ala.Civ.App. 1991), this court reversed a trial court's order requiring a parent to pay post-minority support contingent only upon the child remaining "enrolled as an undergraduate student in any institution of higher learning." In Kent, we felt that the trial court's decree had the potential to allow the child to prolong his undergraduate degree well beyond four years by not requiring a minimum of courses or limiting the courses that the child could withdraw from each session. Under the trial court's order in the instant case, the child is not limited to undergraduate studies, but may continue with graduate school and even post-graduate studies, as long as she remains a full-time student. *Page 883 
Clearly post-minority support should not continue forever.
Bayliss states that "[t]he trial court may consider, also, the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved and the child's relationship with his parents and responsiveness to parental advice and guidance." Bayliss at 987 (emphasis added). The record does not discuss the standard of living that the child would have sustained had the marriage not been dissolved, nor the relationship she has with her father.Bayliss indicates, however, these are only factors that the trial court may consider, and their discussion is not mandatory. Id.; Thrasher, supra.
We therefore reverse and remand this cause for the trial court to make a determination of the expenditures, including room and board, that will be necessary for the child to attend college, and a determination of whether these expenditures will result in "undue hardship" to the father. In addition, the trial court should impose some restrictions on the requirement of post-minority support. As the father will be allowed a hearing on these matters, we pretermit any discussion of the trial court's ex parte conversations with the mother's attorney.
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., concurs in part and dissents in part.