This is a child support modification case.
Kathy Phyllis Dinkel (wife) petitioned, alleging a material change in circumstances had occurred since the divorce from Darrell George Dinkel (husband), and requesting an increase in child support payments. The case was submitted to the trial court on a stipulation of facts not of record before us. After considering the matters presented, the trial court amended the divorce decree and determined support "set in compliance" with Rule 32, A.R.J.A. The husband's child support obligation was increased from $150.00 per month to $610.00 per month. The trial court considered the husband's Motion to Amend and amended its original order to include the finding that the husband had remarried since the initial award of child support and currently has three additional children to support. In its amendment, the trial court found that "under Rule 32(B)(6) A.R.J.A. (Child Support Guidelines), it is bound not to consider [the children of the husband's second marriage] and not to make any deduction or adjustment in determining the increase in child support. . . ." Hence, this appeal.
The issues raised by the husband in this appeal are: (1) whether the trial court erred in failing to credit social security payments made to benefit the child as a result of the wife's disability toward the husband's child support obligation; (2) whether the trial court erred in excluding the three additional children presently supported by the husband in computing the increase in child support payments; and (3) *Page 920 
whether Rule 32 of the Alabama Rules of Judicial Administration is unconstitutional as applied in the instant case.
We initially note that child support determinations are within the discretion of the trial court and its judgment regarding such will not be reversed absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347
(Ala.Civ.App. 1986). Actions concerning child support filed after October 9, 1989, although guided by the mandatory application of Rule 32, A.R.J.A., are still committed to the sound discretion of the trial court and its decision will not be disturbed absent a finding of abuse of that discretion.Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App. 1991).
The husband first argues that the trial court erred in failing to credit social security payments made for the benefit of the child toward the husband's support obligation when it calculated his child support obligation under Rule 32, A.R.J.A. The social security benefits for the child result from the wife's disability and are not paid on behalf of the husband. The record reflects that the trial court properly considered those benefits in computing the wife's gross income. SeeCannon v. Cannon, 585 So.2d 82 (Ala.Civ.App. 1991).
The second issue raised by the husband is whether the trial court erred in excluding consideration of the three additional children that he is presently supporting. Rule 32(B)(6), A.R.J.A. states:
 "If the proceeding is one to modify an existing award of support, no deduction should be made for other children born or adopted after the initial award of support was entered except for support paid pursuant to another order of support."
The evidence is undisputed regarding the increase in the husband's income and in the needs of the child. There exists a potential for the application of the guidelines to result in an inequitable amount due to the inability of the trial courts to consider subsequent support obligations. A trial court may overcome this potential inequity and rebut the presumptive correctness of the guidelines by determining that "the application of the guidelines would be manifestly unjust or inequitable." Rule 32(A)(ii), A.R.J.A. As previously indicated, this case was submitted to the trial court on a stipulation of facts that is not a part of the record. The husband's brief references the wife's petition as the stipulation of facts. There is no answer from the husband in the record and no transcript of any proceedings. The trial court's order indicates that both parties were present with counsel and that it amended the final decree after "considering the matters presented." The law is settled that the appellant bears the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638
(Ala.Civ.App. 1985). In the scant record before us, there is no evidence to indicate that the trial court abused its discretion in applying the guidelines. Clearly, once a trial court determines to apply the Child Support Guidelines, consideration of children born or adopted subsequent to the initial award of support is not allowed.
Lastly, the husband challenges on appeal the constitutionality of Rule 32, A.R.J.A. as applied to him. This issue was not before the trial court and may not be raised for the first time on appeal. Burton v. Burton, 379 So.2d 617
(Ala.Civ.App. 1980).
Accordingly, the judgment of the trial court is hereby affirmed.
The wife's request for an award of an attorney's fee in this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J. concur. *Page 921