623 So.2d 318 (1993)
George Barker STEIN, Jr.
v.
Ann Dorothy Cavanaugh STEIN.
AV92000033.
Court of Civil Appeals of Alabama.
March 12, 1993.
Robert E. Gibney, Mobile, for appellant.
Barry Hess, Mobile, for appellee.
L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in January 1988. Four children were born of the marriage. At the time of divorce, three of the children were minors. The mother was awarded custody of the children. The father was ordered to pay child support equal to $200 per month per child, periodic alimony equal to $200 per month, and an installment payment plan of $200 per month on an alimony-in-gross award of $20,000. He was further ordered to maintain health and dental insurance for the children and to maintain life insurance for the children and the mother.
In April 1992 the mother filed a petition for modification. At that time, two of the children were minors. Kenneth was 10 years old, and Barker was to turn 19 years old that month. The mother requested that Kenneth's child support be increased to correlate with the child support guidelines. She additionally asked that the father be required to monetarily contribute to Barker's college education.
Following oral proceedings, the trial court increased the father's child support payments for Kenneth to $349.20 per month. The father was also ordered to pay $200 per month toward Barker's college education.
The father appeals and asserts that the trial court erred in ordering him to contribute to Barker's college education.
In Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), the supreme court set out certain factors for the trial court's consideration in a postdivorce proceeding involving the payment of postminority support for college education. It directed that the trial court consider "all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." This court has discussed the supreme court's financial criteria and stated that evidence should be presented to show that the sums required to be paid would not cause the parent undue hardship. Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App.1990). We noted, however, that "`undue hardship' does *319 not mean without any personal sacrifices. Most parents who send their children to college sacrifice to do so." Thrasher.
Where evidence is presented ore tenus, particularly in matters concerning child support or postminority college support, the trial court's judgment is presumed correct and will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Berry v. Berry, 579 So.2d 654 (Ala.Civ.App. 1991).
The record reflects that Barker has been enrolled at The Citadel since the summer of 1991. Tuition, fees, and expenses approached approximately $12,000 for his freshman year. The majority of the expenses was covered by financial aid. Barker was a model cadet his freshman year and was scheduled to continue his sophomore year at The Citadel.
Barker made the decision to attend The Citadel with the concurrence of his mother. The father was not consulted or advised in advance of the decision. The mother testified that the father and son have a "strained" relationship.
The father is an attorney engaged in the private practice of law. In 1989 his adjusted gross income equaled $30,533. In 1990 it equaled $22,494, and in 1991 it equaled $31,361. The father has no other source of income and owns no real estate. He testified that he had to borrow $15,000 to pay the debts of the marriage and the divorce and that he still owes approximately $10,000 on that loan. He is delinquent in his 1991 and 1992 federal income tax payments.
In 1991 the mother and the children moved to Massachusetts to reside with her mother. The mother has not been employed since that time. She was awarded the marital residence in the divorce decree and at the time of the hearing was receiving rental income from the residence in the amount of $650 per month. The mother's average adjusted gross income for the last three years has been $4,662.
The father states that he desires a college education for all his children. He asserts, however, that he is financially unable to contribute to Barker's college expenses at this time.
We have thoroughly reviewed the record and arguments of counsel. We find that the father, at this time, does not have the financial capability to support himself; to pay child support, periodic alimony, and insurance premiums as previously ordered; and to pay $200 per month in college expenses. The father's average adjusted gross income for the last three years has been approximately $28,000. The fixed divorce decree obligations exceed $10,000 per year. These obligations, coupled with the father's income tax and loan obligations, leave him with a net income for his own personal use of not more than $10,000 per year. He asserts that when the contribution for college expenses is deducted from his available income, he is left with only $700 per month to sustain his daily living expenses. This places him well below the poverty level.
We find that the judgment, as it pertains to the college education contribution, creates an "undue hardship" upon the father. We consider that portion of the decree to be an abuse of discretion. It is therefore reversed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs specially.
THIGPEN, Judge, concurring specially.
Although I concur with the majority that the trial court abused its discretion in ordering the father to pay towards the son's college expenses at this time, I have concerns regarding future support for this child should circumstances change, including an increase in the father's income, a change in the child's financial aid, etc. At this juncture, Bayliss and its nascent progeny have not addressed whether a denial of post-minority support prior to age nineteen forecloses future consideration *320 after age nineteen, or whether the trial court retains jurisdiction for reconsideration, and if so, until what age or under what circumstances. In his brief, the father urges "the better decision by the trial court would have been to reserve jurisdiction on the college expense issue and set the matter for review periodically." I agree with that suggestion.
This court has not yet been confronted with the issue of whether bringing a timely Bayliss motion serves to retain jurisdiction in the trial court should circumstances change after the child's nineteenth birthday, nor are we called upon here to make that determination. When Bayliss consideration is premature, one may re-petition when the proper factors for consideration can be ascertained. See Murrah v. Turnipseed, 578 So.2d 1340 (Ala.Civ.App.1991). Although we have determined that the child support guidelines do not apply in determining Bayliss support, Murrah, supra, and Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App.1990), in Berry v. Berry, 579 So.2d 654, 656 (Ala.Civ. App.1991), this court determined "the general principles concerning child support to be equally applicable to a Bayliss motion for post-minority college support."
I believe it is clear in the development of this line of cases that once Bayliss support is granted, the parties may petition for modification after the child's nineteenth birthday, and the trial court may, in its discretion, grant such relief upon a proper showing of changed circumstances. The development of the caselaw does not yet direct what occurs when a Bayliss motion is denied after consideration of the proper factors.
In light of the current vagueness in this area of the law, and out of an abundance of caution, I suggest that a better practice for the trial court, in denying Bayliss support, is to specifically reserve jurisdiction for reconsideration of the proper factors during the time Bayliss support may apply. Expressly reserving jurisdiction would clearly afford protection for a child such as this and would serve to remove any doubt as to whether one may apply for Bayliss support again after age nineteen, should circumstances warrant. Accordingly, I agree in the reversal and remand, but by way of dicta, I suggest to the trial court that within the order of remand, the trial court has the discretion to amend the order to expressly reserve jurisdiction on the matter of post-minority support for college expenses.
YATES, J., concurs.