YATES, Judge.
The mother filed a petition to modify, alleging that the minor child of the parties had been legally blind since birth and that the father should be required to provide support to maintain the child and to pay for his college education beyond the age of majority. In April 1992 the trial court determined that the previously ordered $200 per month in child support should terminate and that the father should continue to maintain medical and dental insurance on the child for as long as he is a full-time student, that he should pay for one-half of college expenses, includ- *437 tag tuition, books, room, and board that are not paid for by a grant, and that he should pay $150 per month to the child to defray other costs of attending college. The trial court in an amended order determined that the $150 per month payment should be retroactive to January 1, 1992. The father’s motion to reconsider was denied by operation of law, and the father appeals. We affirm in part and reverse in part.
The father first contends that the trial court erred in ordering the father to pay for one-half of the child’s college expenses and to pay $150 per month to the child to help with other costs of college. He claims that the child is not so physically and mentally disabled that he is incapable of earing for himself beyond the age of majority and, therefore, that he does not require non-custodial parental support past the age of majority. See Ex parte Brewington, 445 So.2d 294 (Ala. 1983). However, because the trial court did not grant post-minority support due to a disability, we will not consider this claim.
The father also claims that the child is not entitled to post-minority college support from the father because, he argues, the child did not meet the factors regarding post-minority education support outlined in Ex parte Bayliss, 550 So.2d 986 (Ala.1989). Those factors are as follows:
“In a proceeding for dissolution of marriage or a modification of a divorce judgment, a trial court may award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage, when application is made therefor, as in the case at issue, before the child attains the age of majority. In doing so, the trial court shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education. The trial court may consider, also, the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved and the child’s relationship with his parents and responsiveness to parental advice and guidance.”
Id. at 987. (Emphasis in original.)
The father states that he is a “man of moderate means,” that he has had no substantial contact with the child in the last few years, and that the child’s commitment to, and aptitude for, the requested education is questionable because the child did not testify on his own behalf and because the child made poor grades during his first semester in college.
Although the father seems to claim that the payments ordered by the trial court would be an undue hardship on him, see Thrasher v. Wilbanks, 574 So.2d 839 (Ala. Civ.App.1990), we note that the child is presently receiving financial assistance that pays his tuition, books, room, and board, as well as special assistance due to his handicap. The father will only be responsible for any extra educational costs, plus $150 per month. His testimony at the hearing indicates that he will be able to continue to provide medical insurance while the child is a student, without extra cost. It appears that the present cost to the father will be less than the $200 per month in child support that he was previously paying. We also note that the use of the term “undue hardship” does not mean without personal sacrifice. Id. at 841.
The father also claims that his lack of contact with the child is a limiting factor in granting the educational support. The testimony of the father indicates that he has not attempted to visit the child or to have any relationship with him. However, there is no evidence showing the reasons behind this estrangement or who was at fault. We cannot find that the strained relationship in the present case precludes the child from receiving assistance from the father.
As to the father’s claim that the child’s commitment to, and aptitude for, the requested education was not proven, although the child did not testify, we find that the diligence of the child in attending college in spite of his handicap, while using the special aids and attending the special programs provided for him, indicates his commitment to the requested education. Re *438 garding the limited evidence as to the child’s aptitude, the record includes a letter from the child’s high school principal written in April 1990 to the father in which he stated that the child was “doing quite well” in school, was passing all subjects, had not been a discipline problem at all, that he had made a plaque for the principal in “shop,” and had indicated an interest in vocational agriculture classes. The mother testified that during the first semester in college, the child made a 1.3 average on a four-point grading system, but that he was “doing a lot better” thereafter. Applying the evidence to the factors, we cannot find that the trial court abused its discretion in granting the limited amount of educational support.
The father next contends that the trial court erred in making the payment of $150 per month in college support retroactive to January 1, 1992. This issue has been addressed already by this court, which stated that “[i]n cases involving post-minority support for college education where the child is already attending college, the decision rendered by the trial court will be retroactive to the time of the filing of the request.” Bayliss v. Bayliss, 575 So.2d 1117, 1122 (Ala.Civ. App.1990). In the present case the request was filed on July 17, 1991, and the child began attending college in August 1991. If the trial court erred it was in making the payments retroactive only to January 1992, rather than to August 1991. However, that determination has not been challenged; therefore, we hold that the trial court did not err in making the payments retroactive to January 1992.
Finally, the father contends that the trial court’s order was not sufficiently clear in its intent and duration. We agree. The possibility of undue hardship exists under the trial court’s order as written. Although the trial court apparently intended that the father only pay one-half of the amounts over the substantial amount paid through financial assistance, without a limitation on the amount the father is to pay for tuition, books, and other expenses, in addition to the $150, the father could be required to pay one-half of expenses at an expensive college without financial assistance. Therefore, we reverse and remand for the trial court to enter an order clarifying its previous order by setting the maximum the father could be required to pay or by ordering that he pay no more than an amount equal to a portion of the expenses at a particular college. In addition, we remand for the trial court to set a reasonable time limitation on the father’s responsibility for college support, as well as requiring that the son maintain both a “C” average and full-time student status while attending college. See Kent v, Kent, 587 So.2d 409 (Ala.Civ.App. 1991).
The judgment is affirmed in part and reversed in part, and the cause is remanded with instructions for the trial court to enter an order consistent with this opinion.
tAFFIRMED IN PART; REVERSED IN PART; 7AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.