This is a child support modification case.
Mark Ann Stanford (mother) and Robert F. Stanford (father) divorced in September 1984. Custody of the parties' three children was awarded to the mother, subject to visitation by the father, and the father was ordered to pay $400 per month for child support.
In May 1992, the State of Alabama's motion to intervene on behalf of the mother was granted; and a petition to modify was filed requesting an increase in child support, because "the cost of living has increased and the oldest child is in college." The father answered and counterclaimed for a reduction in child support, alleging that his employment was terminated in June 1992, and that he had been unable to obtain similar employment.
Following ore tenus proceedings, the trial court found a material change in circumstances and ordered the father to pay $300 per month in child support for the two younger children, and further:
 "That [the father] pay the sum of $100.00 per month to [the mother], which shall reimburse [the mother] for partial expenditures for college expenses of [the oldest child] and it is further ORDERED that [the father] pay one-half of all reasonable college expenses upon the said [oldest child's] cooperating with [the father] and [the mother] agreeing upon a college and Curriculum."
The father appeals.
On appeal, the father argues that the trial court abused its discretion by ordering him to pay one-half of the college expenses of the oldest child, based upon the "meager financial resources" of the father and the hardship to the father, and that the trial court erred by awarding the mother $100 per month to reimburse her for past expenses related to the oldest child's college education.
Where evidence is presented ore tenus, the judgment of the trial court will be presumed correct unless it is unsupported by the evidence and is therefore plainly and palpably wrong.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). In actions seeking post-minority support for the college education expenses of children of dissolved marriages, the trial court "shall consider all relevant factors that shall appear reasonable and necessary." Ex parte Bayliss, 550 So.2d 986, 987
(Ala. 1989) (Bayliss I). Primarily, *Page 703 
the trial court must consider the financial resources of the parents and the child, and the child's commitment to and aptitude for a college education; furthermore, the trial court may consider the child's relationship with the parents, and the standard of living the child would have enjoyed if the marriage had not been dissolved. Bayliss I. The trial court must also determine if the non-custodial parent has "sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself." Thrasher v.Wilburn, 574 So.2d 839, 841 (Ala.Civ.App. 1990). Undue hardship does not imply the absence of personal sacrifice, as many parents sacrifice to send their children to college.Thrasher, supra.
The record reveals that the oldest child began her college education in the fall of 1991. The father does not dispute that the mother's petition for post-minority support was timely filed. Although not stated with specificity in the record, the oldest child appears to have reached majority sometime between May 1, 1992, when the modification petition was filed, and September 24, 1992, when the case was actually heard.
Testimony revealed that the father had been working at Bob's Candies from August 1984, until he resigned in May or June 1992. The father testified that he left his job at Bob's Candies, rather than be humiliated by demotion by new management, to devote himself full time to a sprinkler business he started in approximately 1990. He also testified that he earned a gross salary of approximately $32,400 in 1990 and approximately $34,800 in 1991 at Bob's Candies, and that he currently earns a gross salary of approximately $1400 per month from his sprinkler business. Additionally, the father testified that he anticipates receiving approximately $8,000 in September 1993 from his retirement account with Bob's Candies. The father also testified that he has another child to support in addition to the three children from this marriage.
The mother testified that she has been a social worker for the Department of Human Resources for less than two years. She earns a gross salary of approximately $1240 per month. Testimony revealed that the mother and the children live with the mother's parents because they cannot afford a separate home. The mother also testified that she and her parents have paid for the oldest child's college education thus far.
The record reveals that the father has been paying the same amount in child support for the three children of this marriage since 1984. The record does not divulge whether the father's threatened demotion at Bob's Candies would have had a corresponding decrease in salary; however, the record does disclose that the father voluntarily left his job of eight years sometime after receiving notice of these proceedings.
We agree with the trial court that the father should contribute to his oldest child's college education, and, like many parents, although he will make sacrifices to assist his child in obtaining a college education, he should be able to contribute without undue hardship. In the instant case, the trial court ordered the father to "pay one-half of all reasonable college expenses upon the said [oldest child's] cooperating with [the father and mother] agreeing upon a college and Curriculum."
The trial court has discretionary authority to determine if post-minority support is warranted, and in making that determination shall consider all relevant factors that shall appear reasonable and necessary. Bayliss I, supra. Since the general principles governing child support appear to be equally applicable to post-minority support motions, Berry v. Berry,579 So.2d 654 (Ala.Civ.App. 1991), post-minority support should likewise be based on the demonstrated ability of a parent to earn, rather than his or her actual earnings. SeeJohnson v. Johnson, 597 So.2d 699 (Ala.Civ.App. 1991). It is essential for the trial court to consider evidence pertaining to the amount required for books, tuition, and actual costs of room and board in order to make a determination regarding the amount a parent should contribute without experiencing undue hardship. Thrasher, supra.
In the instant case, the mother testified regarding the quarterly expenses of the oldest child's education, and she submitted a *Page 704 
requested form, clarifying those expenses. This document, however, was not introduced into evidence at trial.
To comply with the precedent established by Bayliss I andThrasher, the trial court in this cause had an obligation to consider the actual costs or estimated expenses related to the child's education and the financial resources of the parents and child, to determine what were "reasonable college expenses," and to determine what contributions and for what period of time, were to be made by the father so that he would not suffer undue financial hardship. Based upon a thorough review of the entire record, we are not convinced that the trial court considered all relevant factors that were reasonable and necessary to justify its award of Bayliss
post-minority support in this case. Therefore, the case should be returned to the trial court for a determination based upon proper factors.
The father also contends that the retroactive provision of the trial court's order was in error and contrary to Alabama law. "In cases involving post-minority support for college education where the child is already attending college, the decision rendered by the trial court will be retroactive to the time of the filing of the request." Bayliss v. Bayliss,575 So.2d 1117, 1122 (Ala.Civ.App. 1990) (Bayliss II).
In the instant case, the trial court ordered that the father "pay the sum of $100.00 per month to [the mother], which shall reimburse [the mother] for partial expenditures for college expenses of [the oldest child]." Although the award of retroactive post-minority support has been upheld, we find this particular provision to be vague and potentially perpetual in its application. The trial court was not presented any evidence concerning the mother's past expenditures for the child's college. If the trial court determines, based upon the evidence presented, that retroactive contribution is warranted, we would emphasize that such reimbursement should be tailored to the specific case, for a specific amount, and for a specific period of time, beginning with the date of actual application for post-minority support. Bayliss II, supra. As in all post-minority support situations, the trial court maintains an obligation to take into consideration the financial resources of the parties and child in an effort to avoid an undue hardship on the parents.
Based upon the foregoing, we conclude that the trial court erred in awarding post-minority and retroactive post-minority support without considering all relevant factors that were reasonable and necessary; accordingly, the judgment is reversed and the cause is remanded for the trial court to determine a reasonable amount, consistent with this opinion. It is also suggested that a reasonable corresponding time frame be established for such support.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.