THIGPEN, Judge,
concurring in the result only.
While I concur that the trial court’s judgment should be affirmed, I note that this issue has not been previously addressed by any Alabama appellate court. I know of no authority permitting a trial court to consider a new petition for post-minority support after a child’s nineteenth birthday; however, I suggested “by way of dicta,” that when denying a timely petition, it is within a trial court’s discretion “to expressly reserve jurisdiction on the matter of post-minority support for college expenses.” Stein v. Stein, 623 So.2d 318, 320 (Ala.Civ.App.1993). I again suggested that in Newman v. Newman, 667 So.2d 1362 (Ala.Civ.App.1994), writ quashed [Ms. 1931532, August 25,1995].
While allowing the trial court to expressly reserve jurisdiction seems, in my opinion, to be the better practice, certain problems may arise because of the current vagueness in this area of law. When the issue is reconsidered following a denial with a specific jurisdiction reservation, such as in the case sub judice, it appears to me that the petitioner is requesting a modification, and changed circumstances must be shown. See Newman, supra. In other words, the subsequent petition, is not, as the father complains, a new petition filed after the child’s nineteenth birthday. At the hearing in the instant case, the trial court clearly articulated its position in considering this petition by stating: “I do not consider this a new petition as such, but a continuation of the same issue.” Therefore, I would affirm the trial court’s judgment by following a rationale which positions the subsequent petition similar to a subsequent petition for periodic alimony when that issue was merely reserved upon initial consideration.
CRAWLEY, J., concurs.