While I concur with Judge Crawley's dissent, I also note that this is a proceeding to modify the parties' agreement regarding the father's obligation for post-minority support. The father acknowledged in brief that he can provide no authority for his argument that he should not be responsible for the expenses *Page 617 
incurred for the daughter's psychological counseling, because, he argues, those expenses are not medical expenses. It is unnecessary to determine the exact category of those expenses. The ore tenus rule requires an appellate court to defer to a trial court's determination that is based upon something it saw or heard that may not be obvious on the face of a written record. It may be that the trial court determined that those expenses were "reasonable necessaries" for the child's educational support. Thrasher v. Wilburn, 574 So.2d 839, 841
(Ala.Civ.App. 1990). I would affirm the trial court's judgment; therefore, I must respectfully dissent.