I dissent, because I believe that Ex parte Bayliss, 550 So.2d 986
(Ala. 1989), contemplates that expenses such as rent, utilities, and transportation costs, are "directly related" to a college education. Clearly, those items are "reasonable necessaries . . . for the child to attend college after reaching majority." See Thrasher v. Wilburn,574 So.2d 839 (Ala.Civ.App. 1990). See also Payne v. Williams,678 So.2d 1118 (Ala.Civ.App. 1996) (upholding a judgment ordering the father to pay health-insurance benefits as a part of Bayliss support);Stinson v. Stinson, 729 So.2d 864, 868 (Ala.Civ.App. 1998) (upholding a judgment ordering the father to pay "telephone and . . . additional living expenses" over and above the cost of tuition, room, board, books, and supplies).