Stephen Wayne Spencer (the "father") and Rebecca Garrett Spencer (the "mother") were divorced on April 20, 1989. They had one child, who reached the age of majority on July 31, 2000. On July 10, 2000, before the child reached the age of majority, the mother petitioned the trial court for a modification of the original divorce judgment. The mother sought postminority educational support for the child in the amount of one-half of the child's college expenses. The father has been the custodial parent since 1997; however, after graduating from high school, the child moved in with the mother, where he continues to reside. After receiving ore tenus evidence, the trial court entered a judgment requiring the father to pay $300 per month to the child for postminority educational support. The child enrolled as a full-time student at Wallace Community College in August 2000; the court ordered that the $300 postminority-support payments be retroactive to that date and ordered that the $1,500 arrearage that had accrued between August 2000 and January 17, 2001, the date of the trial court's judgment, be paid within 90 days.
On February 2, 2001, the father filed a postjudgment motion pursuant to Rule 59(e), Ala.R.Civ.P. The trial court denied the father's motion on February 28, 2001. The father appealed.
The child, while enrolled in Wallace Community College, maintained a part-time job, and earned four A's and one B in his first semester. The child testified that his expenses at Wallace Community College include tuition of $702 per semester for 13 credit hours, and $150 to $300 per semester for books. The child lives with the mother, and no testimony was provided concerning the cost of his room and board.
The child has income from a part-time maintenance job with the City of Dothan. He testified that he earns $5.25 per hour and that he works 20 to 30 hours per week. The child has $1,000 in a savings account and $200 to $300 in a checking account. The child uses his money to make payments on his automobile loan, to pay for automobile insurance and gasoline, to pay any medical expenses he incurs, and to help buy his clothing. He testified that he does not make enough money to assist with his educational expenses, although he said he would assist if he could. The child and the father have maintained their relationship, and the child testified that he spoke with the father about his college and career plans. The mother did not testify at trial, and no evidence of her income or ability to contribute to the child's educational expenses was presented to the trial court. *Page 1286 
The father receives $98 per month in military disability benefits. He also works at least 40 hours a week and earns almost $15 per hour. The father testified that he works some overtime and that he is paid time-and-a-half for any overtime he works. The father stated that in 1999 his gross income was $26,000 to $27,000, but that his current earning potential is over $32,000 per year. Thus, the father's estimated monthly income is approximately $2,666.67. He testified that his monthly expenses are approximately $2,568 per month. The father has remarried, and although his wife's salary will not be considered in determining his ability to assist with his child's educational expenses, we note that, financially, he does not bear the burden of his debts and obligations alone.
The child testified that from a young age he had been told by his parents that he would be able to attend college. When asked if the child would have attended college if there had been no divorce, the father stated, "I'm sure we would have tried our best, yes." However, the father and the child testified that the father refused to assist the child with educational expenses. The father testified that he told the son that if he were ordered by the court to pay educational expenses, he would not do so. He further stated that he would find a loophole to avoid paying postminority support. If forced to pay postminority educational support, the father said, he would someday send the child a bill for any payments the father was ordered to make.
There is evidence showing that the father attempted to convince the child to attend Norfolk State University, a school near the father, but that the child chose to enter Wallace Community College. According to the father, the child would have minority status at Norfolk State University and therefore would be eligible to have his tuition waived. The record does not indicate the factors that caused the child to choose Wallace Community College.
When a trial court hears ore tenus evidence, its judgment based on facts found from that evidence will not be disturbed on appeal unless the judgment is not supported by the evidence and is plainly and palpably wrong. Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App. 1990). Further, matters of child support are within the sound discretion of the trial court and will not be disturbed absent evidence of an abuse of discretion or evidence that the judgment is plainly and palpably wrong.Id.
If a petition seeking postminority support is filed before a child reaches the age of majority, the trial court has the discretion to award postminority educational support for college expenses out of the property and income of either or both of the child's parents. Ex parte Bayliss,550 So.2d 986, 987 (Ala. 1989). In reaching its decision, the trial court must consider "all relevant factors that shall appear reasonable and necessary." Id. The court must primarily consider the financial resources of each parent and the child, and "the child's commitment to, and aptitude for, the requested education." Id. Further, "a parent has a legal duty to provide, or to aid in providing, a college education if the child demonstrates the ability and willingness to attain a higher education and the parent has a sufficient estate, earning capacity, or income to provide financial assistance without undue hardship." Thompsonv. Thompson, 689 So.2d 885, 888 (Ala.Civ.App. 1997) (citing Thrasher v.Wilburn, supra). "`[U]ndue hardship' does not mean without any personal sacrifice. Most parents who send their children to college sacrifice to do so." Thrasher v. Wilburn, 574 So.2d at 841. *Page 1287 
Determination of "undue hardship" rests within the discretion of the trial court. Id.
The father argues that the support amount he was ordered to pay exceeds the actual total of the child's educational expenses and that the trial court abused its discretion by not ordering the mother and the child to pay a portion of the child's educational expenses. The child testified that his tuition was $702 for each semester, and that the cost of books would total between $150 and $300 per semester. It is not clear that the child intends to attend college every semester. Assuming that the child attends school for three semesters each year (fall, spring, and summer), the child's highest expected annual tuition and book cost would be approximately $3,006. The father was ordered to pay a total of $3,600 annually. Thus, the award of postminority support exceeds the cost of the child's education, according to the evidence before the trial court. We therefore reverse the trial court's judgment, with instructions for the trial court to conduct further proceedings consistent with this opinion.
The appellee's request for costs and an attorney fee pursuant to Rule 38, Ala.R.App.P., is hereby denied.
REVERSED and REMANDED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.