As to Part I.B. of the main opinion, which holds that a trial court's limitation of postminority educational support to a "reasonable period of time" is not proper, I concur in the result. As to the remainder of the main opinion, I concur. However, in my view, the treatment of the issue of postminority health-insurance expenses in Part I.E. of the main opinion warrants comment.
In deciding Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), the Alabama Supreme Court, for the first time, held that "a trial court may award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage." 550 So.2d at 987 (emphasis added). However, because of the Legislature's mandate in §12-3-10, Ala. Code 1975, that appeals from circuit-court judgments in domestic-relations cases be taken to this court, it *Page 1289 
has generally devolved upon the members of this court to decide what the outer limits of what an expense of "postminority education" might be. In doing so, this court very early espoused the principle that "postminority education" expenses within the scope of Bayliss, rather than being limited to solely tuition and fees, encompassed "the reasonable necessaries, includingroom and board, for [a] child to attend college." Thrasher v.Wilburn, 574 So.2d 839, 841 (Ala.Civ.App. 1990) (emphasis added).
Part I.E. of the main opinion overrules certain cases decided by this court that stand for the proposition that health-insurance and health-care costs incurred by a child who has reached the age of majority, or by a parent on behalf of that child, are not within the scope of the "postminority education" expenses envisioned by Bayliss. It is significant that before today no majority opinion of this court or of the Alabama Supreme Court had ever held that such expenses were within the proper scope of Bayliss. Payne v. Williams, 678 So.2d 1118
(Ala.Civ.App. 1996), as the main opinion notes, was a plurality opinion, and that portion of Smith v. Smith, 836 So.2d 893, 897
(Ala.Civ.App. 2002), that "not[ed]" the decision in Payne was merely dicta.
I am not convinced that the cases we are overruling today were wrongly decided. Each of them derives support from a principled view that a parent or guardian's legal obligations to his or her child (as opposed to moral obligations) generally should end when that child reaches the age at which the Legislature deems that child to be sui juris. The holdings of Bayliss andEx parte Brewington, 445 So.2d 294 (Ala. 1983) (which pertains to postminority support for disabled adult children), are said to represent exceptions to that general rule. See Ex parteCohen, 763 So.2d 253, 255 (Ala. 1999). However, in the absence of a decision of the Alabama Supreme Court or action by the Legislature to the contrary, I agree that a child's health-insurance and health-care expenses may properly be viewed by a trial court, in an appropriate case, as being among the "reasonable necessaries" for that child to attend an institute of higher learning that this court envisioned in Thrasher as being an expense of "postminority education" within the scope ofBayliss.