MOORE, Judge,
concurring in part, concurring in the result in part, and dissenting in part.
J.F. (“the father”) appeals from a child-support judgment entered by the Family Court Division of the Jefferson Circuit Court (“the trial court”). In the pertinent parts of that judgment, the trial court found that the father was in contempt of previous judgments for failing to pay past-due child support in the amount of $10,847.67; ordered the father to pay the child-support arrearage in full through a series of lump-sum payments over a one-year period; ordered the father to pay one-half of the child’s past college expenses amounting to $19,427.58; ordered the father to pay one-half of the child’s future college expenses; ordered the father to pay one-half of the child’s medical *729 expenses during the postminority-support period; ordered the father to pay $4,984.01 in past medical expenses; and" ordered the father to pay $5,000 in attorney’s fees.
As to the contempt finding, the father argues solely that the record does not contain sufficient evidence to support the arrearage amount of $10,847.67 as found by the trial court and that the trial court never conducted an accounting to verify the arrearage amount. The record contains ample evidence, consisting of the testimony of R.J. (“the mother”), the child-support-payment summary entered as an exhibit during the trial, and the father’s testimony regarding payments made by him that were not recorded in that summary, to sustain a finding that the father owed $10,847.67. For that reason, I concur that the contempt portion of the judgment should be affirmed.
As for the postminority-educational-sup-port provisions of the judgment, the father argues primarily that he cannot afford to provide S.F. (“the child”) any financial assistance without undue hardship. In Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990), this court, in interpreting Ex parte Bayliss, 550 So.2d 986 (Ala.1989), held that, as a condition to awarding postminority educational support, a trial court must find that the noncustodial parent “has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself [or herself].” 574 So.2d at 841. This court further held that, in determining whether a parent would face an undue hardship, the trial court must determine from legal evidence the amount of the expenses to be incurred for the education of the child and the ability of the parent to pay those expenses. Id.
In this case, the mother presented legal evidence of the past educational expenses of the child,[6] which totaled to $19,427.58. The trial court intended to order the father to pay one-half of those costs, or $9,713.79, but it erred to reversal by ordering the father to pay the entire amount, as the majority correctly concludes. 59 So.3d at 724. The father nevertheless maintains that he cannot pay even that reduced amount due to financial constraints. The father had the burden of proving that the payment of postminority support would cause him an “undue hardship.” See Wagner v. Wagner, 989 So.2d 572, 580 (Ala.Civ.App.2008). The father introduced evidence indicating that he had- a gross monthly income of $2,648.88 and that, due to cardiac health problems, he does not have the capacity to earn additional wages. Out of that $2,648.88, the father must pay taxes and his monthly bills; the father testified that his monthly bills are approximately $1,100.00 per month,[7] exclusive of his child-support payments. The father did not present any other evidence regarding his financial status. Based on the scant record before the court, I conclude that the father did not carry" his burden of proving that paying one-half of the child’s *730 past college expenses would cause him an undue hardship. Therefore, I would instruct the trial court on remand to enter a judgment for $9,713.79 in favor of the mother and against the father for past educational expenses.
I conclude, however, the mother did not carry her burden of proof regarding the child’s future educational expenses. The record contains no evidence indicating the course of study the child was undertaking, the estimated length of time she would need to obtain her degree, or the reasonably predictable costs to be incurred in reaching that educational goal. The record also does not include any evidence indicating that the past educational expenses were representative of the likely future expenses to be incurred so that the trial court could have extrapolated the probable future educational costs of the child. This court has repeatedly reversed judgments awarding future educational support when the custodial parent has failed to present evidence as to the specific amount of educational expenses expected to be incurred because, without that requisite evidence, the trial court could not have reasonably concluded that the award would not cause an undue hardship on the noncustodial parent. See, e.g., B.B. v. F.P., 984 So.2d 418 (Ala.Civ.App.2007); Stanford y. Stanford, 628 So.2d 701 (Ala.Civ.App.1993); and Bowen v. Bowen, 817 So.2d 717 (Ala.Civ.App.2001). In the past, this court has remanded such judgments for the trial court to accept such evidence, but that practice, which allows a custodial parent “a second bite of the apple,” see McAlpine v. McAlpine, 865 So.2d 438, 445 (Ala.Civ.App.2002) (Crawley, J., concurring in the result), should no longer be permitted. See Taylor v. Taylor, 991 So.2d 228, 237-38 (Ala.Civ.App.2008) (Thomas, J., dissenting). Hence, I agree with the father that that portion of the judgment awarding future postminority educational support should be reversed and a judgment rendered for the father as to that claim. I therefore dissent from the decision of the majority to remand the case to place reasonable limitations on the future postmi-nority support awarded.
I am constrained to agree with the majority that current caselaw allows a trial court to treat health-care expenses as part of a Bayliss award of postminority support while a child is pursuing a college education. Waddell v. Waddell, 904 So.2d 1275, 1285 (Ala.Civ.App.2004). The father has not urged this court to overrule that caselaw, so we are bound to apply it. However, I find nothing in our prior case-law requiring a noncustodial parent to shoulder the entire burden of such medical expenses. The trial court ordered the father to reimburse the mother for all medical expenses incurred by the mother for the child after January 2008, which would have relieved .the mother from contributing to the payment of any portion of those medical expenses. The trial court exacerbated that error by actually awarding the mother $4,984.01 for those expenses when the mother proved that she had paid only $4,436.50, which the majority correctly holds requires reversal of the judgment. 59 So.3d at 726-27. The trial court should have awarded the mother only one-half of that last amount if it intended that the parties would evenly split the medical expenses the child incurred while pursuing her college education, as the remainder of the judgment indicates. Therefore, I concur with the main opinion that the judgment should be modified to award the mother only one-half of the past medical expenses.[8]
*731 Lastly, in light of the foregoing, I would remand the case to the trial court for reconsideration of its attorney-fee award.

. The mother presented public documents showing the costs incurred by the child for tuition, books, and fees, see Rule-802(6), Ala. R. Evid., and testified as to the amount of student loans the child had taken out for other costs. Hence, had this court elected to address the merits of the father’s contention that the mother had not presented legal evidence of the child's past educational expenses, I believe this court would have affirmed the trial court’s judgment on that point.

. The father attempted to introduce into evi- . dence a summary of his monthly bills showing that, in 2008, after taxes, he brought home $1,668.82, and that he spent more than that amount on routine living expenses and uninsured medical expenses. However, the trial court sustained an objection to that exhibit.

. I also believe that because the evidence does not support an award of future postminority *731 educational support, the father should not have to pay future medical expenses. The father, however, does not raise that argument, so I find no basis for reversing the judgment insofar as it requires the father to pay one-half of the child's medical expenses while the child is pursuing her college degree.