This case involves post-divorce proceedings concerning post-minority support.
The parties were divorced in 1977, and, inter alia, the mother was granted custody of the minor child involved in this action, with the father ordered to pay child support. This case concerns the mother's petition to modify a 1986 modification by requesting an increase in the amount of child support in order to provide post-minority education funds for this child. After an ore tenus proceeding, the trial court increased the father's child support obligation and continued that obligation until the child completed college, conditioned on the child's maintaining a "C" average and a full academic load. After his post-trial motion was denied, the father appealed.
The dispositive issue raised by the father in this appeal is whether the trial court erred in awarding post-minority support for a college education for this child.
The father seems to agree that the child should be allowed the opportunity to go to college. He argues that the trial court abused its discretion by not properly considering the factors established in Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). First, the father contends that the trial court did not consider "the financial resources of the parents and the child" and "the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved." Bayliss, 550 So.2d at 987. Second, the father contends that the trial court did not consider the child's "responsiveness to parental advice and guidance." Bayliss,550 So.2d at 987.
It is the father's position that even if the marriage were intact, the parties would not have had the financial means to afford a college education for this child and would not have attempted such without financial assistance from outside sources. He argues that his income is insufficient to pay the ordered amount and that his efforts to obtain financial assistance for this child's college education were rejected by the child and the mother. He contends that he made arrangements with his employer for his child to secure a co-op agreement for financial assistance to attend college and that the child rejected the offer. He asserts that all of his efforts for financial assistance were brushed aside, including a lucrative summer job and assistance from him during the child's first year of college. The father contends that while offers of assistance from him were rejected by the child and the mother, neither of them looked into the possibility of obtaining financial assistance for the child's college expenses. Further, he argues that neither the mother nor the child attempted to discuss the college expenses or arrangements with him, completely excluding him from the decision-making process, which should include a concerned parent's advice in arranging financial assistance for his child's college education.
Our review of the record reveals that at the time the mother filed this petition, the child was a seventeen-year-old senior in high school who wanted to attend college. Neither parent has a college degree and there is ample evidence in the record regarding the present income and assets of each parent. The child lives with his mother, works part-time, has purchased his own automobile, and pays some of his own expenses. There is evidence in the record regarding the child's estimated cost of tuition, books, and living expenses while attending a local junior college and living with his mother.
The mother alleged a material change in circumstances and requested that the amount of child support for this child be raised due to the dramatic rise in the cost of living since the last modification, and the increased needs of the child. She specifically requested that the increase be in accordance with the current child support guidelines. The trial court increased the *Page 470 
child support obligation to $598.40 per month, which appears to be in conformity with the current guidelines set out in Rule 32, A.R.J.A.
When evidence is presented ore tenus, as in this instance, the trial court's judgment is presumed correct. Coby v. Coby,489 So.2d 597 (Ala.Civ.App. 1986). Further, a trial court has continuing jurisdiction over matters of child support, and its judgment may be modified in the future due to changed circumstances. Conradi v. Conradi, 567 So.2d 364
(Ala.Civ.App. 1990). The record is clear that the mother met her burden of establishing a material change in circumstances necessitating an increase in child support from the father. Additionally, as the father correctly asserts, the trial court must consider the needs of the child and the father's ability to pay. Stiefelmeyer v. Stiefelmeyer, 485 So.2d 729
(Ala.Civ.App. 1986). There is ample evidence in the record showing that the trial court properly considered those factors. The evidence supports this award based on the guidelines. Therefore, the increase in the father's child support obligation is appropriate during this child's minority.
When a marriage has been terminated by divorce, the trial court has jurisdiction to require the parents to provide post-minority support for a college education, when the application is made for such before the child attains the age of majority. Ex parte Bayliss, supra. This court expressly held that "the child support guidelines for a minor child are not applicable to the determination of an amount for providing or contributing to college expenses after the child reaches majority." Thrasher v. Wilburn, 574 So.2d 839, 841
(Ala.Civ.App. 1990). Thrasher reversed the trial court's judgment as to college expenses and remanded the cause "for the taking of evidence on the reasonable necessaries, including room and board, for the child to attend college after reaching majority." Thrasher, 574 So.2d at 841. Simply stated, Thrasher
allows the trial court to establish an amount for post-minority support which may differ from the guideline amounts because the post-minority obligation is based on the "reasonable necessaries" of the child's college expenses. In the instant case, there was ample evidence before the trial court regarding the child's college expenses and it is not necessary to remand the case for such. It appears that the trial court utilized that evidence and determined that the appropriate amount for child support under the guidelines was also the appropriate amount for post-minority support.
We have considered the father's argument concerning the child's unresponsiveness to parental advice and guidance and are unpersuaded. The evidence is that the child wants to pursue a course of study in engineering by first completing two years at the local junior college where he can live with his mother and continue a part-time job he has held for about three years. He then plans to transfer to a four-year college. The father's co-op arrangement requires the child to attend a different (and more expensive) college the entire first year. To comply with that arrangement required the child to relocate (thus incurring higher living expenses) and forfeit his job. Additionally, the co-op program requires intervals of employment that would lengthen the amount of time needed for the child to complete college. The father's "lucrative summer job" offer involved the child's leaving his permanent part-time job for a few months of full-time work. The record is clear, from the child's own testimony, that this child considered the alternatives offered by his father. He chose to follow a path which is not only less expensive, but is more suited to his goals and his ability to contribute to his own support by continuing to work at his present job, which is familiar and comfortable to him, while in his first two years of college. We are not persuaded by the father's argument that the child's decision to make his own way was not responsive to parental advice and guidance.
We are sympathetic with the father's argument that the child and mother made the decisions regarding the child's college and the father simply "got the bill." It is unfortunate that the father in this case felt *Page 471 
that the child and mother completely excluded him from the decision-making process and ignored his efforts to obtain financial assistance for the child's college-related expenses.Bayliss and its nascent progeny are attempting, on a case-by-case basis, to involve both the custodial parent and the noncustodial parent in decisions regarding their child's college education.
After careful review of the entire record, we are convinced that the trial court properly considered "all relevant factors that shall appear reasonable and necessary," as required byBayliss, 550 So.2d at 987. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.