This case involves post-divorce proceedings concerning the payment of post-minority child support and college expenses.
The parties were divorced in 1975. The mother was awarded custody of the minor daughter, and the father was ordered to pay $85 per month in child support. In 1988 child support was increased to $200 per month. In November 1991 the mother filed a petition to modify, requesting that the trial court award support, including the costs of a college education, while the daughter obtains a four-year college education. The trial court issued an order, which it amended after a hearing on the father's motion for a new trial. This increased child support to $362 per month until the time of the daughter's nineteenth birthday. After that time child support would be reduced to $200 per month and would continue for the daughter's first four years of college. The father was also ordered "to be responsible for one-half of the [daughter's] college tuition and books not covered by the Pell Grant." The father appeals. We reverse and remand.
Initially, we note that where evidence is presented ore tenus, the trial court's judgment is presumed to be correct unless it is so unsupported by the evidence that it is plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App. 1986). We further note that the trial court has jurisdiction to require parents to provide post-minority support for a college education when application is made for the support prior to the child's attaining majority. Ex parte Bayliss, 550 So.2d 986
(Ala. 1989). The trial court is to consider all reasonable and necessary relevant factors, including primarily the financial resources of the parents and the child and the child's commitment to and aptitude for a college education. Id. The trial court may also consider the standard of living the child would have enjoyed if the divorce had not occurred and the child's relationship with his or her parents. Id.
The record indicates that hearings were held on April 1, 1991, and September 10, 1991. The daughter, whose nineteenth birthday was December 4, 1991, was eighteen years old at the time of the second hearing. She had been accepted at Bishop State Junior College (Bishop College) and had been awarded a "Pell Grant" for the first year in the amount of $1,200 per year or $400 per quarter. She planned to obtain a degree in business administration and to continue her education at the University of South Alabama.
The daughter planned to work part-time while attending college at night, and she testified that she also needed the financial assistance of her father to be able to attend college. Her high school grade point average was 2.76 on a scale of 4.00, and she graduated in the upper one-third of her *Page 352 
class. A senior counselor at the high school testified that the daughter should do well in college. The daughter also worked outside of school as part of the distributive education program (DECA) and was a district winner in a DECA competition in the area of advertising and display.
The daughter plans to live at home with her mother while she attends Bishop College. The mother, whose income is $1,350 a month, estimated that they would need $500 a month from the father to be able to pay for the daughter's expenses.
The father earned a master's degree from the University of South Alabama in 1984. He is employed as a teacher in the Mobile County school system and earns between $2,416 and $2,700 a month. He testified that he and his present wife owe $20,000 in education loans and that they pay $200 a month toward the balance. His present wife is also employed.
The father contends that the trial court erred in ordering him to provide post-minority child support and to contribute to college costs. He claims that the Bayliss criteria have not been met because, he claims, he does not have the financial resources and the trial court did not consider his total financial position. He also claims that there had been no showing of commitment or aptitude for college on the part of the daughter, that there was no evidence of what the standard of living would have been if there had been no divorce, and that the daughter had not shown any desire to have any parent-child relationship with him. Finally, he claims that proper evidence was not admitted to show what the college expenses would be and that, therefore, the court could not determine if the payments ordered would cause undue hardship.See Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990).
Although the father claims that there was not proper evidence indicating the amount of the college expenses at Bishop College, a letter from the registrar at the college was admitted into evidence at the April hearing which stated that costs for a two-year period for the daughter would be approximately $2,840 for tuition and fees and $1,200 for books and supplies, for a total cost of $4,040 for two years. The father strongly objects to the consideration of a tuition and fee schedule that was admitted at the September hearing showing tuition to be $316 per quarter because the schedule was not authenticated and did not have the name of the school on it. However, we find that the letter admitted into evidence at the April hearing is sufficient to show an approximate cost of $2,020 per year for tuition, fees, books, and supplies.
The grant for $1,200 received by the daughter will leave less than $800 of the cost of tuition and books remaining to be paid. The father would be responsible for approximately $400 or less a year in expenses.
The father claims that the trial court did not consider his financial resources in ordering the payment of $200 per month, plus one-half of certain expenses over the amount of the grant. However, the amount of the father's income and his expenses were before the court. The father particularly objects to contributing to his daughter's college support because his expenses include $200 a month for the repayment of educational loans. However, we note that these loans are for the father's present wife, as well as for the father, and that, although the amount of the present wife's income is not before this court, she is employed and can help repay her loan and help pay her expenses. In addition, we note that the amount that the father will pay will be only slightly more than the amount of child support that he was previously paying.
The father claims that the daughter has not shown the commitment or aptitude for college. However, as indicated by the facts above, we hold that the child has clearly shown an aptitude for the education requested.
Although the standard of living and the parent-child relationship are two criteria that may be, but are not required to be, considered by the court, we note that the father has obtained a master's degree indicating his belief in the value of higher *Page 353 
education. In addition, although the father claims that the daughter has had no relationship with him, the mother testified that the father refused to give his phone number to the mother and the daughter several times and that the father-daughter relationship deteriorated after the father refused to assist in expenses for the daughter.
Based on the above, we agree with the trial court that, in this instance, the father should assist in providing a college education for the daughter.
Although we have determined that the criteria have been met to allow the trial court to order that the father provide college support for the daughter, we hold that the possibility of undue hardship, as defined in Thrasher, exists under the trial court's order as written. The father is to pay $200 per month, in addition to "one-half of the [daughter's] college tuition and books not covered by the Pell Grant." The trial court apparently intended that the father pay one-half the amount of tuition and books at Bishop College, over and above the amount of the grant; however, as written, the order could require the payment of one-half of the daughter's tuition and books at a costly private college, even without a grant, and regardless of the father's financial resources. Therefore, we reverse and remand with instructions for the trial court to enter an order clarifying its previous order by setting a limit to the amount the father is to pay for tuition and books, or by ordering that he pay, in addition to the $200 per month in support payments, no more than the equivalent of one-half of the cost of tuition and books at a particular state college, less any grants or scholarships received by the daughter.
The mother has requested an attorney's fee for representation on appeal, which is granted in the amount of $400.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.