The trial court divorced the parties on September 23, 1993, ordering the husband/father to pay, pursuant to Rule 32, Ala.R.J.Admin., $957.86 per month in child support for the parties' two minor children until they reached majority, married, or became self-supporting. On April 27, 1994, the wife/mother petitioned to modify the divorce judgment, requesting the court to order the father to pay the daughter's college expenses. The father filed what appears to be a counter-petition, requesting the court to reduce his child support obligation because the daughter had reached the age of majority. Following an ore tenus hearing, the court granted the mother's petition, denied the father's counter-petition, and ordered the father to pay $3500 in annual post-minority education support "so long as [the daughter] is enrolled and attending college." Specifically, the court ordered the father to pay $3500 on May 30, 1995, for the expenses incurred before that date and $3500 on August 1, 1995, 1996, and 1997, for future education expenses. The court also ordered him to pay the mother's $1,500 attorney fee. The father appeals, arguing that the court erred in ordering him to pay post-minority education support because, he says, (1) the award exceeds the amount of child support allowable under the child support guidelines; (2) the May 1995 payment covered some expenses that the daughter had incurred while receiving child support; and (3) the award imposes an undue hardship on him. He also appeals the attorney fee award.
We note initially that the record does not contain a transcript of the hearing on the mother's petition; rather, the meager record is composed primarily of the original divorce judgment, the pleadings, and the judgment in this case, and several exhibits presented at the hearing. The record does disclose: (1) that the parties' daughter turned 19 on April 28, 1994; (2) that, as of the date the mother filed the petition, the daughter had enrolled at Birmingham-Southern College; (3) that the estimated tuition and expenses for an academic year at Birmingham-Southern College are more than $15,000; and (4) that, as of the date of the hearing, the daughter had received more than $6000 in grants, scholarships, and other financial assistance.
The child support guidelines in Rule 32 are inapplicable when determining the amount a parent shall contribute toward the college expenses of a child after that child reaches majority.Brown v. Short, 588 So.2d 468, 470 (Ala.Civ.App. 1991);Thrasher v. Wilburn, 574 So.2d 839, 841-42 (Ala.Civ.App. 1990). The father's first contention, therefore, does not require reversal.
In Holley v. Rane, 655 So.2d 1068 (Ala.Civ.App. 1995), this court affirmed a judgment ordering a father to contribute to the college expenses of his son for four years, which encompassed a period of time during which the son received child support and had not attained majority. The facts in this case are not so distinguishable from those in Holley as to warrant a different result. The father's second contention, therefore, does not require reversal.
A trial court may award post-minority education support to a child of a dissolved *Page 1181 
marriage when application is made therefor before the child attains the age of 19. Ex parte Bayliss, 550 So.2d 986, 987
(Ala. 1989). The trial court should consider all relevant factors when deciding whether to award support, including the child's and the parents' financial resources, the child's commitment to the requested education, the child's aptitude for the requested education, the standard of living the child would have enjoyed had the parents' marriage not dissolved, and the child's relationship with the parents. Id. An award of post-minority education support should not cause undue hardship to the paying parent. Thrasher, supra, at 841.
When the record contains neither a transcript from the ore tenus hearing nor a Rule 10(d), Ala.R.App.P., statement, it must be conclusively presumed that the evidence heard by the trial court is sufficient to support the judgment. Rudolph v.Rudolph, 586 So.2d 929, 930 (Ala.Civ.App. 1991). Because there is no transcript and no Rule 10(d) statement in the record, we must assume that the trial court considered the relevant factors in arriving at the amount of support to be paid by the father.
We have held in previous cases that the trial court must set reasonable limitations on the parent's responsibility for post-minority education support; failure to do so may impose an undue hardship on the paying parent. See Kent v. Kent,587 So.2d 409, 412 (Ala.Civ.App. 1991); Hocutt v. Hocutt,591 So.2d 881, 882 (Ala.Civ.App. 1991). These limitations include (1) limiting the support to a reasonable time period, (2) requiring the child to maintain at least a "C" average, and (3) requiring that the child be enrolled as a full-time student. See Kent, supra at 412-13; Hocutt, supra, at 882. Although the judgment limits the support to a four-year period, it fails to require that the daughter maintain reasonable grades or full-time status. Accordingly, we reverse that portion of the judgment and remand the case for the court to enter an order setting further reasonable limitations upon the award.
Whether to award an attorney fee in a domestic relations case is a matter that rests within the discretion of the trial court. Sanders v. Gilliland, 628 So.2d 677, 679 (Ala.Civ.App. 1993). Absent an abuse of that discretion, this court will not reverse the trial court's award of a fee. Id. Nothing in the record indicates that the court abused its discretion when it awarded the mother an attorney fee.
Each party's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and CRAWLEY, J., concur.