This is a child support modification case.
The trial court divorced the parties in 1985. Three of the four children of the parties had reached the age of majority when the mother petitioned for a modification of the divorce judgement, seeking an increase in child support "to an amount consistent *Page 1205 
with Rule 32, Ala.R.Jud.Admin." The mother also sought post-minority educational expenses and additional child support for the child after he reaches the age of majority, asserting that the child suffered from learning disabilities and was not capable of being self-supporting at any time in the near future. The father answered, stipulating that child support paid during the child's minority "should be paid in compliance with Rule 32, Alabama Rules of Judicial Administration, Child Support Guidelines."
After an ore tenus proceeding, the court increased the father's monthly child support obligation from $150 to $527, retroactive to the date the mother filed her modification petition, and extended the child support obligation to the child's 21st birthday. The court reserved jurisdiction to further extend the time for the child support obligation in the event that the child is "making progress but has not yet completed his planned program of study." The court allowed the father to claim the child as a dependent for income tax purposes for the tax years 1996 and 1997. The father appeals, contending only that the court abused its discretion in extending his child support obligation past the child's 19th birthday and in using Rule 32 to compute the post-minority support.
At the time of the hearing, the child was just 3 months shy of his 19th birthday; he was enrolled in summer school in order to complete the 9th grade. He had never been diagnosed with any mental, emotional, or physical disability, but has been recognized as having a learning disability with reading comprehension. The child had held various part-time jobs and, at the time of the hearing, was working full-time as a fork-lift operator at a local mill. He takes care of his daily needs, has a driver's license, and pays his own bills on a timely basis. The mother did not contend that the child could not support himself all of his life.
The child has expressed a desire to be a diesel mechanic and to go to a technical college in order to learn this vocation. The father testified that he was willing to pay one-half of the child's expenses associated with this training. A special education coordinator for the technical school testified that the child should be able to complete the program by going to school full-time for two years. He stated that in order to remain in the program a student must maintain a "C" or better grade average for the two-year program. The coordinator testified that he had interviewed the child and that he felt that the child could complete the program and had the necessary positive attitude and motivation to succeed in the program. The expenses associated with the program were properly introduced to the court.
At the close of the hearing, the trial judge stated that the mother had not proved a continuing disability that would mandate continuing child support and that he was awarding support solely for educational purposes. The court's order stated, "Based upon the evidence and testimony presented at trial, the Court finds there has been a material change in circumstances which justifies modification of the divorce decree in this matter to increase and extend the [father's] child support obligation for the purposes of the son's education."
Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), permits an award of post-minority support for educational expenses when petition is made before the child reaches the age of majority. Ex parteBayliss requires consideration of all relevant factors, including the financial resources of the parents and the child and the child's commitment to and aptitude for the requested education. It allows further consideration of the standard of living that the child would have enjoyed if the marriage had not been dissolved, the child's relationship with his parents, and his responsiveness to parental advice and guidance. Id., at 987.
Testimony indicated that the child was a good candidate for the technical school program, and the father testified that he was willing to pay one-half of the child's expenses associated with the program. The father's 1995 gross income was $62,216; the mother's 1995 gross income was $18,253. The trial court did not err in ordering the father to pay post-minority support for the child's educational expenses. *Page 1206 
The court did, however, err in using Rule 32 to compute post-minority support. This court stated in Bahri v. Bahri,678 So.2d 1179, 1180 (Ala.Civ.App. 1996):
 "The child support guidelines in Rule 32 are inapplicable when determining the amount a parent shall contribute toward the college expenses of a child after that child reaches majority. Brown v. Short, 588 So.2d 468, 470 (Ala.Civ.App. 1991); Thrasher v, Wilburn, 574 So.2d 839, 841-42
(Ala.Civ.App. 1990)."
Accordingly, that portion of the judgment setting the amount of the post-minority education support is reversed and the case is remanded for the trial court to consider the factors established in Ex parte Bayliss, including the costs of the child's education, in making its award. Further, the trial court is directed to limit the support to a reasonable time and to require the child to enroll as a full-time student and to maintain at least a "C" average, pursuant to Bahri, supra, and to enter an order consistent with this opinion.
Each party's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.