MONROE, Judge.
Edith Wiggins sued William E. Wiggins, Jr., for a divorce. The parties have three children, who were, at the time of trial, ages 19, 15, and 3. After an ore tenus trial, the court awarded the wife custody of the two minor children and awarded the husband standard visitation; it ordered the husband to pay $1,216 in monthly child support and to maintain medical insurance for the children. The court also ordered the father to make the mortgage payment on the marital home and awarded the mother possession of the home. The court awarded postminority support for the oldest child. The father filed a postjudgment motion, which the court denied. The husband appeals.
Initially we note that when, as in the present case, the trial court’s judgment is based on ore tenus evidence, that judgment is presumed correct and is not subject to reversal unless it is so unsupported by the evidence that it is plainly and palpably wrong. Kent v. Kent, 587 So.2d 409 (Ala.Civ.App.1991).
The husband claims the trial court erred in its award of postminority support because, he argues, the court failed to place any restrictions on the award.
A trial court may award postminority educational support to a child of a dissolved marriage. Ex parte Bayliss, 550 So.2d 986 (Ala.1989). In the divorce judgment, the trial court provided that the father “is to continue paying the college expenses of the child of the parties that attained the age of 19 years subsequent to the filing of the complaint for divorce herein; said amount to be those that are due after deduction for scholarships, loans, grants or financial aid received by the child.” The trial court did not specify what the amount was to be. The court also failed to set any limitations upon the award.
A trial court must set reasonable limitations on the parent’s responsibility for postminority education support; failure *1026 to do so may impose an undue burden on the paying parent. Bahri v. Bahri, 678 So.2d 1179 (Ala.Civ.App.1996); see Kent v. Kent, 587 So.2d 409, 412 (Ala.Civ.App. 1991). “These limitations include (1) limiting the support to a reasonable time period, (2) requiring the child to maintain at least a “C” average, and (3) requiring that the child be enrolled as a full-time student.” Bahri, 678 So.2d at 1181. Accordingly, that portion of the judgment relating to the education support is reversed. We remand the case for the court to enter an order setting limitations upon the award.
The father also argues that the court erred in its award of child support. The father claims that the amount of the child support, the mortgage payment, the post-minority support, and the health insurance combined exceeds the amount that would be required by Rule 32, Ala.R.Jud.Admin. The father includes the amount of the mortgage payment, the post-minority support, and the insurance as a part of the child-support award. The father is mistaken in taking these awards into account as a part of child support. A review of the Rule 32 child-support guideline forms filed in this case reveals that the father was given credit for the insurance payments. Further, the mortgage payment is not a part of the child-support award. The guideline forms establish $1,216 as the father’s obligation of child support for the parties’ two minor children. That is the amount of child support the court ordered. Thus, the court’s award of child support complied with Rule 32.
The father also claims that the court’s award of child support, medical insurance, postminority support, and mortgage payment exceed his monthly gross income. Because we cannot determine the amount of postminority support, we cannot agree with the father. However, on remand the court should review the effect of the awards.
The judgment is affirmed except for that portion awarding postminority educational support; that portion is reversed and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.