Charles Erskin Lynn ("the father") appeals from a judgment in favor of Lee Ann Lynn ("the mother") on her petition for postminority support for the parties' minor child.
The parties were divorced January 23, 1991. The divorce judgment awarded custody of the child to the mother and did not require the father to pay child support or alimony.
On August 25, 1999, the mother petitioned to modify the divorce judgment. The mother alleged a material change in circumstances sufficient to warrant a judgment requiring the father to pay child support until the child reached the age of majority and to pay postminority support for the child's college education. On December 17, 1999, after receiving ore tenus evidence, the trial court entered a judgment ordering the father to pay child support and postminority support for the child's college education. The father appeals, complaining only of that portion of the judgment requiring him to pay postminority support.
The trial court's order stated in part:
 "4. Charles Lynn shall pay for one half of the college expenses for the minor child, . . . at the rate charged by a four year state supported college or university. College expenses shall include tuition, fees, books, room and board. Charles Lynn's liability shall be limited to a nine-month school year (two semesters per calendar year or three quarters per calendar year). The obligation of Charles Lynn to pay one half of college expenses for the minor child shall begin in the fall of 2000 when the minor child enrolls at a college or university. If the minor child attends an out of state or private college or university, then Charles Lynn's liability will be limited to one-half of the college expenses that are charged at the in state rate for a four *Page 1191 
year state supported college or university in Alabama. Charles Lynn's liability for college expenses for the minor child shall cease when the minor child reaches the age of twenty-three."
Initially, we note that this court's standard of review is the ore tenus standard:
 "`[U]nder the ore tenus standard of review, the trial court's findings of fact based on oral testimony, and a judgment based on those findings, are given a presumption of correctness. A judgment based on such findings will not be reversed unless it is shown to be plainly and palpably wrong.'"
Bishop v. Pierce, 726 So.2d 663, 664 (Ala.Civ.App. 1998) (quoting Exparte Pielach, 681 So.2d 154 (Ala. 1996)).
In an award of postminority educational support for a child of divorced parents, the trial court "`shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education.'" Thompson v. Thompson,689 So.2d 885, 887 (Ala.Civ.App. 1997) (emphasis in original) (quoting Exparte Bayliss, 550 So.2d 986, 987 (Ala. 1989)). "[A] parent has a legal duty to provide, or to aid in providing, a college education if the child demonstrates the ability and willingness to attain a higher education and the parent has a sufficient estate, earning capacity, or income to provide financial assistance without undue hardship." Id. at 988. It is undisputed that the child has a deep commitment and an excellent aptitude for a college education. The wife is currently employed as a coordinator for residential treatment at a county youth-development center, earning approximately $3,336 per month in gross wages.
The father argues that the award of postminority support imposes an undue hardship on him because, he says, he has an insufficient estate and a very low income. The mother's petition for modification was filed August 25, 1999. The record indicates that at that time the father was employed as an investigator for a law firm and was earning an annual salary of approximately $34,338. However, the father's employment was subsequently terminated, and the record indicates that the father's CS-41 form, filed November 11, 1999, indicates a monthly gross income of $850. After his termination by the law firm, the father became self-employed as an independent investigator. The father testified at trial in December 1999 that his monthly gross income had increased to approximately $1,500.
The record reflects a history of low earnings by the father. The father testified that his gross income from 1992 through 1996 was approximately $15,000 each year and that it was approximately $22,000 in 1997. At the trial, the father testified that he had $200 in his checking account. The record also reflects that the father leases a car from a friend, that he rents a house, and that he was not able to obtain health insurance coverage after his COBRA benefits were terminated. The father testified that he had a tumor inside his skull, but that he had been unable to obtain medical treatment because his COBRA benefits had lapsed.[1]
We also note that the father voluntarily pays approximately $110 per month for the child's automobile payment and $22 per month toward the child's bill for her cellular telephone. The father holds an undergraduate degree from the University of Alabama at Birmingham, was employed by the Federal Bureau of Investigation for five years as an investigator, and has had 12 to 15 years' experience as an investigator. *Page 1192 
The father testified that his expenses totaled approximately $2,732 per month, but that his gross income as of the time of trial was only $1,500 per month. Recognizing the potential for undue hardship, the trial court stated that the father needed to reduce his monthly expenses and revise his budget and suggested that the father actively pursue a salaried and more stable job that would afford him the benefit of medical-insurance coverage. The court also told the father that perhaps he needed to work harder and seek a second job, or pursue employment in a different field. This court has recognized in the past that a trial court "could well have decided that the father's duty to pay post-minority support should be based on the father's ability to earn rather than on his actual income."Payne v. Williams, 678 So.2d 1118, 1122 (Ala.Civ.App. 1996). However, the trial court's order expressly found the father not to be voluntarily underemployed.
The parties' marriage bore four children. The parties voluntarily waived child support as a part of their divorce agreement. The father has not contributed financially to the college education of any of the four children.
We recognize that "[t]he use of the term `undue hardship' does not mean without any personal sacrifice. Most parents who send their children to college sacrifice to do so." Thrasher v. Wilburn, 574 So.2d 839, 841
(Ala.Civ.App. 1990). However, we conclude that in light of the father's challenging financial circumstances and the trial court's express finding that the father was not voluntarily underemployed, the trial court's award of postminority support does impose an undue hardship on him.
In complying with an award of postminority support pursuant to Ex parteBayliss, a factor the trial court must consider is "the parents' financial resources," and the "award of post-minority education support should not cause undue hardship to the paying parent." Bahri v. Bahri,678 So.2d 1179, 1181 (Ala.Civ.App. 1996). Upon remand, the trial court should fashion a reasonable payment plan for a specific monetary amount of postminority support, thereby bringing its judgment in compliance withEx parte Bayliss.
Additionally, the trial court's order was broad in scope, ordering the father to "pay for one half of the college expenses . . . at the rate charged by a four year state supported college or university." The father also argues on appeal that the trial court's judgment is not clear in its intent and as to the duration of the support, and, therefore, that a possibility of undue hardship exists.
 "We have held in previous cases that the trial court must set reasonable limitations on the parent's responsibility for post-minority education support; failure to do so may impose an undue hardship on the paying parent. These limitations include (1) limiting the support to a reasonable time period, (2) requiring the child to maintain at least a `C' average, and (3) requiring that the child be enrolled as a full-time student."
Bahri, 678 So.2d at 1181.
Although the judgment limits the support to a reasonable period, that is, until the child reaches age 23, it does not require that the child maintain reasonable grades or full-time enrollment.
We therefore, reverse the trial court's judgment. Upon remand, the trial court is directed to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.
[1] The record is contains no evidence indicating a diagnosis regarding the type or cause of this tumor. Furthermore, the record contains no evidence indicating how, if at all, this tumor effects the father's earning potential. *Page 1193